**In the Matter of the Arbitration between GETTY OIL COMPANY, Petitioner,**

**and**

**NORSE MANAGEMENT CO. (PTE) LTD., as Agents for Owners of the Cherry Earl, Respondent.**

**No. 87 Civ. 5178 (DNE).**

United States District Court, S.D. New York.

May 11, 1989.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Petitioner, Getty Oil Company ("Getty") seeks to enforce an arbitration award relating to a dispute over a charter party contract for the transport of petroleum products. Respondent, Norse Management Co. (PTE) Ltd. ("Norse"), acted as the agent for the owner of the vessel M/T CHERRY EARL, Norrona Shipping Corporation (PTE) Ltd. ("Norrona"), and Getty was the charterer. Norse initiated an arbitration proceeding pursuant to the charter party contract and the arbitrators awarded Getty $95,410.49 plus interest. For the reasons set forth below, the petition to confirm the arbitration award is granted as to Norrona and denied as to Norse.

### A. *Confirmation of the Arbitration Award*

■ The Federal Arbitration Act ("FAA") provides that a party has three months within which to move in a court of competent jurisdiction to vacate, modify or correct an arbitrator's award. 9 U.S.C. § 12. The Owner has failed to move within the statutorily prescribed period and accordingly, the Owner is barred from challenging the award, even in opposition to a motion to confirm. *See Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir.1984).

Norse, however, opposes the petition on the ground that it is not liable for any award or judgment against Norrona. Norse contends that it was acting as an agent for a disclosed principal and accordingly, under agency law is not liable for the breach of its principal. Getty argues that Norrona, the principal, was not disclosed at the time the parties entered into the agreement. As agent for an undisclosed principal, Getty contends that Norse is liable for the breach of its principal. The issue therefore is whether Norrona was a disclosed or undisclosed principal.

■ Common law principles of agency apply to maritime contracts and obligations arising under the FAA. *See Interocean Shipping Co. v. National Shipping & Trading Corp.*, 523 F.2d 527, 537 (2d Cir. 1975), *cert. denied*, 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 643 (1976); *In re Arbitration Between Hidrocarburos y Derivados, C.A. and Lemos*, 453 F.Supp. 160, 167–68 (S.D.N.Y.1977) (Haight, J.). Section 4 of the Restatement (Second) of Agency provides, in part:

(1) If, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity, the principal is a disclosed principal.

■ There is no dispute that Norse executed the charter party contract "as Agents to owner of the Singapore Flag M/T 'CHERRY EARL.'" Accordingly, there is no question that Getty knew at the time it entered into the contract that Norse was not acting on its own behalf, but was acting for a principal. Getty's contention is that the principal was undisclosed because the name of the owner of the M/T CHERRY EARL was not stated in the contract.

The test of whether a principal is disclosed is whether the manifestations of the principal or the agent reasonably indicate to the other party, in this case Getty, the identity or existence of the principal. Restatement (Second) § 4, comment d. In maritime contracts, the description of a principal as the owner of a vessel is sufficient to identify the principal for whom the agent acts. *Hidrocarburos, supra*, 453 F.Supp. at 171; *Instituto Cubano de Estabilizacion Del Azucar v. The SS THEOTOKOS*, 155 F.Supp. 945, 948 (S.D.N.Y.1957). The basis for this rule is that knowledge of the vessel makes ascertaining the name of the owner a simple matter of consulting industry publications such as Lloyd's Register of Owners or the Tanker Register, which are considered reliable indicia of ownership in the industry. *Hidrocarburos, supra*, 453 F.Supp. at 170 n. 26.

Getty relies on *Orient Mid–East Lines v. Albert E. Bowen, Inc.*, 458 F.2d 572 (2d Cir.1972) for the proposition that the party dealing with an agent need not inquire as to the principal's identity. That case, however, dealt with a freight forwarder, rather than an owner. Further, the issue is not whether Getty had a duty to ask Norse the identity of the principal. The point is that identifying the principal as the owner of a specific vessel identifies the principal sufficiently to be a disclosed principal, even though the name of the principal is not actually used.

Getty also contends that Norse has acted throughout these proceedings as the principal and accordingly should be held liable as the principal. There is no basis for this assertion. Norse was referred to as the agents for the Owner in the charter party contract, throughout the arbitration proceedings, and indeed in this action. There is no legal or factual basis to impose liability on Norse as principal.

Accordingly, the court finds that Norrona was Norse's disclosed principal; as a result, Norse cannot be held liable for breach of Norrona's contract with Getty.

B. *Attorney's Fees*

After the arbitration, Norse challenged the amount of the arbitrators' fees and refused to pay $6,450 of the Owner's share of the fees. Getty seeks a judgment for the unpaid fees as well as for the attorney's fees it has incurred in this proceeding.

■ As with respect to the arbitration award, Norse, as agent, is not liable for any of Norrona's obligations. Therefore, judgment against Norse for the arbitrators' fees is inappropriate. Further, the costs of this action should not be imposed on Norse, in light of its successful opposition to the petition.

■ Getty, however, is entitled to recover from Norrona the amount it paid the arbitrators for Norrona's share under the contract. Accordingly, Getty's motion for the arbitrators' fees is granted as to Norrona.

Getty, however, is not entitled to receive from Norrona the attorney's fees incurred in this proceeding. The usual rule is that each party bears its own costs. This rule may be varied by contract, but Getty does not contend that the contract at issue herein mandates attorney's fees. Attorney's fees may also be imposed when a party unreasonably and frivolously opposes a petition to confirm. In light of the fact that Norrona has not opposed the petition either unreasonably or otherwise, imposition of attorneys fees is inappropriate in this case.

## CONCLUSION

For the foregoing reasons, the petition to confirm an arbitrators' award is denied as to Norse and granted as to Norrona, the owner of the M/T CHERRY EARL. Petitioner is awarded the Owner's share of the arbitrators' fees that was not paid by Norse.

SO ORDERED.